FILED
SUPERIOR COURT
OF GUAM

2021 JUN 21 PM 2: 45

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| FRAIM J.M. LEON GUERRERO,<br><br>        Plaintiff,<br><br>vs.<br><br>KIANA CARMALITA SANTOS,<br><br>        Defendant. | Superior Court Case No. **DM0299-20**<br><br><br>**DECISION AND ORDER RE MOTION<br>TO DISMISS** |

The Court here considers whether it has jurisdiction to make an initial child-custody determination and, if so, whether it should decline jurisdiction on the basis of being an inconvenient forum. The Court determines that it does have jurisdiction, but that it is an inconvenient forum when compared to Texas. The Court therefore stays this matter pending the initiation of a child custody proceeding in Texas.

## I. PROCEDURAL BACKGROUND

On September 4, 2020, Leon Guerrero filed a Complaint for Child Custody and Support. The Complaint alleges that in March 2020, he received a message from Santos that she left Guam with their minor child, K.L.G., and moved to Texas. Compl. ¶ 6.

Santos moves to dismiss the Complaint on the basis that Texas (not Guam) is the child's home state and, alternatively, because Texas is a more convenient forum. She alleges that she messaged Leon Guerrero on March 5, 2020, that she had relocated. Decl. Def. in Support of Mot. Dismiss ¶ 7, Ex. A (Mar. 3, 2021). She also claims that in early March 2020, Defendant inflicted physical and mental abuse upon her while she was holding K.L.G. According to Santos, "Out of concern for myself and our daughter, I decided it would be best to leave Guam

# ORIGINAL

so that I could be closer to my family." *Id.* ¶ 6.

Leon Guerrero concedes that on March 5, 2020, he received notice of Santos' relocation. Pl.'s Decl. ¶ 8 (Mar. 31, 2021). He denies the allegations of abuse. He also asks for an order allowing him visitation in Texas.

## II.    <u>LAW AND DISCUSSION</u>

The Superior Court of Guam has jurisdiction to male an initial child-custody determination if Guam "was the home State of the child within six (6) months before the commencement of the proceeding and the child is absent from Guam but a parent or person acting as a parent continues to live in Guam." 7 GCA § 39201(a)(1). Here, Guam was K.L.G.'s home state up until she moved to Texas on March 5, 2020. *See* 7 GCA § 39102(g). Leon Guerrero continues to reside in Guam and filed the Complaint for Child Custody and Support on September 4, 2020, which is less than six months from March 5. Accordingly, the Court finds that it has jurisdiction to make an initial child-custody determination, pursuant to 7 GCA § 39201.

Under 7 GCA § 39207, the Court can decline jurisdiction if it is an inconvenient forum and another State is a more appropriate forum. The Court reviews the following factors as set forth in 7 GCA § 39207(b):

**(1) Whether domestic violence has occurred and is likely to continue in the future and which State could best protect the parties and the child.** Santos alleges that she suffered physical abuse by Leon Guerrero. The Court acknowledges that this is an allegation and there has been no established proof of domestic violence.

**(2) The length of time the child has resided outside Guam.** By the time Leon Guerrero filed his Complaint, the minor had resided outside of Guam for approximately six months. She was thirteen months old when she relocated.

ORIGINAL

**(3) The distance between the court in Guam and the court in the State that would assume jurisdiction.** It is undisputed that Guam and Texas are at a great distance from each other.

**(4) The relative financial circumstances of the parties.** This factor weighs in favor of Santos, who works part-time as a hostess. In contrast, Leon Guerrero is employed as a fireman. This makes him financially more able to attend hearings and a trial in the foreign jurisdiction.

**(5) Any agreement of the parties as to which State should assume jurisdiction.** The parties have not reached any agreement on the appropriate jurisdiction.

**(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child.** On the alleged incident of domestic violence, some evidence--including testimony of a non-party witness--will be located on Guam. However, the primary evidence may take the form of testimony by the parties. Moreover, in the event Texas, like Guam, considers evidence from state authorities overseeing the well-being of children, evidence concerning the current well-being of the child can only be evaluated by Texas authorities.

**(7) The ability of the court of each State to decide the issue expeditiously and the procedures necessary to present the evidence.** There is no evidence that either state has an advantage over the other on this issue.

**(8) The familiarity of the court of each State with the facts and issues in the pending litigation.** Again, neither state has an advantage here. While the incident of domestic violence occurred on Guam, the nature of the evidence will be in the form of testimony making it unnecessary for the Guam courts to be the sole arbiter of the evidence. Also, Texas courts will have an advantage in ordering and reviewing evidence concerning the well-being of the child who has been a resident in that state for over a year.

ORIGINAL

Having examined the above factors, the Court determines that it is an inconvenient forum and that Texas is a more appropriate forum. Given the distance between Texas and Guam, one party must expend more resources to litigate the child custody issues. With Leon Guerrero's stable employment, he is better able than Santos to litigate in a foreign jurisdiction. In addition, given the Texas courts' superior ability to evaluate the minor's current well-being, Texas is in a better position than Guam to receive accurate and timely information. Moreover, the minor is at this point a long-time resident of Texas. Finally, the evidence of domestic violence does not require a trial on Guam as there is no allegation of requiring physical evidence; instead, oral testimony can be taken in either jurisdiction.

## III.    CONCLUSION AND ORDER

For the above reasons, the Court concludes that Guam is the home state for the child. However, the Court declines to exercise jurisdiction as it is an inconvenient forum and the matter should be decided by Texas courts.

Pursuant to 7 GCA § 39207, this matter shall be stayed upon the condition that a child custody proceeding be filed in Texas. Proof of such proceeding should be filed within the next sixty days. If no case is filed in Texas, this Court shall proceed to schedule this matter for trial and make a determination as to visitation.

SO ORDERED this 20th day of June 2021.

*Elyze Iriarte*

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL

I acknowledge that an electronic copy of the original was e-mailed to:

Arriola
JArron Berman
Date: _____ Time: 6/21/21

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:

Joaquin C. Arriola, Jr., Esq., and Nicole G. Cruz, Esq., Arriola Law Firm for Plaintiff Fraim J.M. Leon Guerrero

Daron J. Berman, Esq., Berman Law Firm, for Defendant Kiana Carmalita Santos

ORIGINAL